# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3118

_____

Roberto Sanchez-Florez,          *
                                    *
          Appellant,        *
                                    *   Appeal from the United States
          v.                 *   District Court for the
                                    *   Northern District of Iowa.
United States of America,      *
                                    *   [UNPUBLISHED]
          Appellee.        *

_____

Submitted: June 24, 2011
Filed: June 29, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Roberto Sanchez-Florez was convicted by a jury of conspiracy to distribute 500 grams or more of a methamphetamine mixture. See United States v. Sanchez-Florez, 533 F.3d 938 (8th Cir. 2008) (affirming on direct appeal). He now appeals the district court's[1] judgment dismissing his 28 U.S.C. § 2255 motion, and has been granted by the district court a certificate of appealability (COA) on his claims of ineffective assistance of trial and appellate counsel. Following careful review, see Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004) (district court's denial of ineffective-

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

assistance claim presents mixed question of law and fact; ineffective-assistance issue is reviewed de novo, but findings of underlying predicate facts are reviewed for clear error), we agree with the district court that Sanchez-Florez did not show that he suffered prejudice as a result of deficient performance by his trial or appellate counsel, most notably with regard to counsel's efforts to impeach witnesses, see United States v. Orr, 636 F.3d 944, 951-52 (8th Cir. 2011) (failure to impeach witness constitutes ineffective assistance when there is a reasonable probability that, absent counsel's failure, jury would have had reasonable doubt of defendant's guilt); Sinisterra v. United States, 600 F.3d 900, 912 (8th Cir. 2010) (claim that appellate counsel was ineffective for failing to raise issue on appeal failed without showing of prejudice); see also Sanchez-Florez, 533 F.3d at 941 (noting overwhelming evidence of defendant's guilt); Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (when determining if prejudicial deficient performance by counsel exists, court must consider totality of evidence before judge or jury).

We also decline to expand the scope of the COA to reach additional arguments in Sanchez-Florez's supplemental brief that he was denied due process by the trial court's admission of noncredible witness testimony, see Winfield v. Roper, 460 F.3d 1026, 1040 (8th Cir. 2006) (grant of COA requires demonstration that reasonable jurist would find district court's ruling on constitutional claim debatable or wrong), and we grant counsel's motion to withdraw.

The judgment is affirmed.

_____